[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 484.]

**[THE STATE EX REL.] FRESHOUR, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.**

**[Cite as *State ex rel. Freshour v. State*, 1994-Ohio-70.]**

*Appellate procedure—Action to compel refiling of three cases so that they could be reconsidered by the court of common pleas—Court of appeals' dismissal of action on basis that action fails to state a claim upon which relief can be granted affirmed, when.*

(No. 94-345—Submitted April 5, 1994—Decided June 22, 1994.)

APPEAL from the Court of Appeals for Pickaway County, No. 93CA27.

———————————

{¶ 1} On September 15, 1993, relator-appellant, Paul L. Freshour, an inmate at Ross Correctional Camp ("RCC"), filed an untitled motion in the Pickaway County Court of Appeals which named the state of Ohio as "[a]ppellee." Freshour requested an order to "remand" *Freshour v. Ammer* (Oct. 21, 1989), Pickaway App. No. 88CA39, unreported, *Freshour v. Carroll* (Aug. 17, 1989), Pickaway App. No. 88CA34, unreported, and *Freshour v. Tate* (Oct. 17, 1990), Ross App. No. 1705, unreported, to the "Lower Court" to allow for "new filings," without any double-jeopardy bar. The court of appeals granted the state's Civ.R. 12(E) motion for a more definite statement and ordered Freshour to file an "amended petition" which stated a claim upon which relief can be granted or the action would be dismissed. Freshour subsequently filed an amended petition which again requested that the appellate court remand the cases previously set forth because a "legal notice" sent by the United States District Court for the Southern District of Ohio in case No. C-2-89-0762 indicated that inmates at RCC had not been provided an adequate law library and were not provided with assistance from persons trained in the law. On January 14, 1994, the court of appeals dismissed

Freshour's action on the basis that he had failed to state a claim upon which relief can be granted.

{¶ 2} This cause is before the court upon an appeal as of right.

_____

*Paul L. Freshour*, *pro se*.

*P. Randall Knece*, Pickaway County Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 3} Freshour asserts that the court of appeals erred in dismissing his amended petition. Although it is not entirely clear from his pleadings or his argument on appeal, it appears that Freshour sought relief similar to a writ of mandamus to compel refiling of three of his numerous cases so that they could be reconsidered by the court of common pleas. In order to be entitled to a writ of mandamus, a relator must establish that relator has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Kuczak v. Saffold* (1993), 67 Ohio St.3d 123, 125, 616 N.E.2d 230, 232.

{¶ 4} Although Freshour claims that the "legal notice" sent by the district court is tantamount to a court determination that he was denied his constitutional right to, *inter alia*, an adequate prison law library, the notice merely indicates a proposed settlement of a federal class action lawsuit in which one of the claims related to the inadequacy of the prison law library. The notice attached to Freshour's original untitled filing did not indicate that such claim was admitted or that the district court approved the proposed settlement.

{¶ 5} Second, as the state notes, Freshour does not allege that the new filings would result in a reasonable probability of a different outcome in any of the subject cases. Indeed, the cases which Freshour wanted remanded involved a civil slander suit against the common pleas court judge who presided over his criminal

trial (*Freshour v. Ammer*), an action alleging a violation of his constitutional right to medical treatment (*Freshour v. Carroll*), and a habeas corpus action. (*Freshour v. Tate*). Freshour's response to the state's motion for a more definite statement essentially ignored the cases sought to be remanded, instead claiming that errors occurred in his original criminal trial in which he was represented by counsel. See, generally, *State v. Freshour* (Mar. 19, 1986), Pickaway App. No. 83CA32, unreported (affirmance of his criminal conviction and sentence). Further, *Freshour v. Tate*, *supra*, could not be "remanded" to the common pleas court because it was a habeas corpus case which originated in the court of appeals. See *Freshour v. Tate* (1992), 62 Ohio St.3d 410, 583 N.E.2d 1304 (appeal as of right from dismissal of habeas corpus petition).

{¶ 6} Finally, Freshour cites no authority for his implicit proposition that any alleged finding of inadequacy of a prison law library automatically entitles inmates whose cases have since terminated to refile those actions and have them considered on the merits without any showing of prejudice. Constitutional violations are not always presumptively prejudicial. See, *e.g.*, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, regarding ineffective assistance of counsel.

{¶ 7} In sum, Freshour failed to comply with the court of appeals' order when he filed an amended petition which failed to state a claim upon which relief can be granted. Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____