[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 89.]

THE STATE EX REL. CARTER, APPELLANT, *v.* SCHOTTEN, WARDEN, APPELLEE.

[Cite as *State ex rel. Carter v. Schotten*, 1994-Ohio-37.]

*Mandamus to compel warden of correctional institution to perform certain acts related to relator's circumstances of confinement—Writ denied, when— Mandamus to compel warden to provide all inmates with raincoats— Dismissal of petition pursuant to Civ.R. 12(B)(6) erroneous, when.*

(Nos. 94-603, 94-604 and 94-670—Submitted May 16, 1994—Decided August 24, 1994.)

APPEALS from the Court of Appeals for Trumbull County, Nos. 93-T-4873, 93-T-4992 and 93-T-5006.

_____

{¶ 1} Relator-appellant, Kenneth L. Carter, an inmate at Trumbull Correctional Institution ("TCI"), appeals three judgments of the Trumbull County Court of Appeals dismissing his petitions for writs of mandamus to compel respondent-appellee, James L. Schotten, TCI Warden, to perform certain acts related to Carter's circumstances of confinement.

{¶ 2} In case No. 94-603, Carter's petition alleged that respondent had failed to provide an adequate prison law library and reasonable access to the library. Carter claimed that respondent's actions had violated his constitutional rights, R.C. 2921.45, and Section 241, Title 18, U.S. Code. Carter requested, *inter alia*, that the law library be upgraded to meet the standard for adequacy set forth by federal courts, and that respondent prepare a schedule increasing the law library's hours of operation.

{¶ 3} In case No. 94-604, Carter's petition alleged that respondent had failed to provide indigent inmates with legal supplies, postage for legal mail, free photocopying of legal documents, and notary services. Carter claimed that he had

been denied meaningful access to courts and that respondent should utilize money from the industrial and entertainment fund, established under R.C. 5120.131, to purchase a copier, pay postage for legal mail, and provide legal supplies to every indigent inmate.

{¶ 4} In case No. 94-670, Carter's petition alleged that respondent had a duty pursuant to R.C. 2921.44(C)(2) and the Constitution to provide all inmates with adequate clothing. Carter requested that respondent be ordered to purchase and distribute raincoats to all TCI inmates.

{¶ 5} The court of appeals issued alternative writs in all three cases, ordering respondent to show cause why Carter's requested relief should not be granted. Respondent subsequently filed various responsive pleadings. The court of appeals ultimately dismissed all three petitions on the basis that a federal civil rights action under Section 1983, Title 42, U.S. Code provided an adequate remedy in the ordinary course of law.

{¶ 6} These causes are now before the court upon appeals as of right. In that they raise similar issues of law, we *sua sponte* consolidate them for purposes of decision.

—————————————

*Kenneth L. Carter*, pro se.

*Lee Fisher*, Attorney General, and *Todd R. Marti*, Assistant Attorney General, for appellee.

—————————————

**Per Curiam.**

{¶ 7} In order to be entitled to the writs of mandamus he requested, Carter had to establish that he possesses a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested acts, and that Carter has no plain and adequate remedy at law. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 632 N.E.2d 897; *State ex rel. Westchester Estates, Inc. v. Bacon*

(1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

{¶ 8} The court of appeals' dismissal of Carter's mandamus actions was premised solely upon its determination that Carter had a plain and adequate remedy at law. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. In order for there to be an adequate remedy at law, the remedy must be complete, beneficial, and speedy. See, *e.g.*, *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009; *State ex rel. Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 22 OBR 136, 488 N.E.2d 883. The court of appeals determined that, in all three cases, a Section 19831 action was an adequate remedy which precluded mandamus relief.

{¶ 9} Under certain circumstances, a Section 1983 action provides an adequate legal remedy which renders a mandamus action unavailable in a state court proceeding. See, *e.g.*, *Ohio Academy of Nursing Homes, Inc. v. Barry* (1990), 56 Ohio St.3d 120, 564 N.E.2d 686. A Section 1983 action provides a supplement to any state remedy, and there is no general requirement that state judicial or administrative remedies be exhausted in order to commence a Section 1983 action.[1] Steinglass, Section 1983 Litigation in State Courts (1993) 2-5-2-6, Section 2.3; 1 Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees (2 Ed.1991) 607, Section 10.5. Furthermore, a Section 1983 action can provide declaratory, injunctive, and/or monetary relief. Id. at 831, Section 16.1. In some situations, this remedy can prove speedier than habeas corpus relief. *Armstrong v.*

---

1 The Civil Rights Act of 1871 as amended, Section 1983, Title 42, U.S. Code, provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. ***"

*Cardwell* (C.A.6, 1972), 457 F.2d 34, 36, fn. 3.  State prisoners challenging the conditions of their confinement may utilize Section 1983 to obtain relief.  Schwartz & Kirklin, *supra*, at 615, Section 10.6.

{¶ 10} In Carter's three petitions, he attacks the circumstances of his confinement, e.g., the adequacy of the prison library, the standard of indigency for eligibility for free legal supplies, postage and copies, and the sufficiency of the prison clothing.  Therefore, to the extent that he claims that respondent's actions violated his federal constitutional and statutory rights, a Section 1983 action would provide him with complete, beneficial, and speedy relief and therefore constituted an adequate legal remedy which precluded mandamus relief.[2]

{¶ 11} Nevertheless, Section 1983 does not encompass official conduct that violates only state law; rather, the statute is limited to deprivations of federal constitutional and statutory rights.  *Shirokey v. Marth* (1992), 63 Ohio St.3d 113, 116, 585 N.E.2d 407, 410; *Kulwicki v. Dawson* (C.A.3, 1992), 969 F.2d 1454, 1468; *Huron Valley Hosp., Inc. v. Pontiac* (C.A.6, 1989), 887 F.2d 710, 714; Schwartz & Kirklin, *supra*, at 9, Section 1.2.  Consequently, in that Carter's petitions may be construed to raise violations of both state statutes, R.C. 2921.45 and 2921.44(C)(2), as well as state constitutional provisions, Section 1983 could not provide an adequate legal remedy, since these alleged violations would not necessarily deprive Carter of any federal rights.  The court of appeals erred in concluding otherwise.

{¶ 12} However, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof.  *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217,

---

2.  In its opinions in case Nos. 94-603 and 94-604, the court of appeals stated that a Section 1983 action "in federal court" provided an adequate legal remedy for Carter.  However, state common pleas courts have concurrent subject matter jurisdiction over Section 1983 actions.  *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288; *Besser v. Dexter* (1990), 68 Ohio App.3d 510, 589 N.E.2d 77.

222, 631 N.E.2d 150, 154; *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, 745. In case Nos. 94-603 and 94-604, respondent filed what were essentially motions for summary judgment and Carter responded to both motions. In case No. 94-603, Carter claimed in his petition that he could not "adequately respond" to any memorandum in opposition to his application for reconsideration of his direct appeal from his criminal conviction because of the alleged inadequacy of the TCI law library. He stated in his petition that he had prepared his original application in a different prison, which he did not contend had an inadequate law library. In case No. 94-604, Carter's petition did not allege that any action filed by him had been prejudiced by the alleged unconstitutional indigency standard used by respondent.

{¶ 13} In both case Nos. 94-603 and 94-604, Carter contended that respondent's actions denied him his constitutional right of access to the courts. The fundamental constitutional right of access to the courts requires that prisoners have a meaningful opportunity to present claims to the court. *Bounds v. Smith* (1977), 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72. *Bounds* requires that prison officials, such as respondent, provide inmates with adequate law libraries or adequate assistance from persons trained in law, in order to assist in the preparation for filing meaningful legal papers. *State ex rel. Greene v. Enright* (1992), 63 Ohio St.3d 729, 590 N.E.2d 1257. However, "*Bounds* did not hold that there is a right of access to a law library; it held that there is a right of access to the *courts*." (Emphasis sic.) *Strickler v. Waters* (C.A.4, 1993), 989 F.2d 1375, 1385; see, also, Section 16, Article I, Ohio Constitution. Vague and conclusory allegations do not state the kind of specific injury or prejudice necessary for a claim of denial of access to survive summary judgment. *Strickler*, *supra*, at 1383; *Twyman v. Crisp* (C.A.10, 1978), 584 F.2d 352; *White v. White* (C.A.4, 1989), 886 F.2d 721; see, also, *State ex rel. Freshour v. State* (1994), 69 Ohio St.3d 484, 633 N.E.2d 1124. In neither case No. 94-603 nor No. 94-604 has Carter alleged with specificity a reasonable probability

that the outcome of any litigation would have been different or that additional materials were necessary to respond to a memorandum in opposition to his application for reconsideration of his direct appeal.

{¶ 14} Further, in case No. 94-603, R.C. 2921.45 does not afford Carter any independent rights absent any deprivation of a "constitutional or statutory right." Similarly, in case No. 94-604, neither R.C. 5120.131 nor Ohio Adm. Code 5120-5-04 imposes any mandatory duty on respondent to utilize money in the industrial and entertainment fund to purchase legal services and supplies for inmates. Accordingly, the court of appeals properly denied Carter's requested relief in case Nos. 94-603 and 94-604, albeit based on its incorrect rationale that Section 1983 provided an adequate remedy for all of Carter's claims, including those based on state constitutional and statutory law.

{¶ 15} However, in case No. 94-670, dismissal of Carter's state claim, based on a violation of R.C. 2921.44(C)(2), was erroneous because respondent has a duty under that statute provision to use ordinary care to provide inmates such as Carter with adequate clothing. R.C. 2921.44(C)(2) provides that "[n]o officer, having charge of a detention facility, shall negligently *** [f]ail to provide persons confined in the detention facility with adequate *** clothing ***." There is no statutory prerequisite of prejudice prior to seeking enforcement of this duty. The court of appeals erred in dismissing Carter's petition in case No. 94-670 pursuant to Civ.R. 12(B)(6) since, when construed most favorably to Carter, it states a claim upon which relief can be granted.

{¶ 16} Accordingly, for the foregoing reasons, the judgments in case Nos. 94-603 and 94-604 are affirmed, and the judgment in case No. 94-670 is affirmed as to any federal claims raised and reversed as to Carter's state claims, and remanded for further proceedings consistent with this opinion.

*Judgments in case Nos. 94-603*

*and 94-604 affirmed.*

6

*Judgment in case No. 94-670*
*affirmed in part and,*
*reversed in part,*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.

―――――――――――――