DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Larry Buzin appeals the decision of the Medina Municipal Court adopting the magistrate's decision denying Buzin's motion to vacate the default judgment entered against him and in favor of plaintiff-appellee Liberty Excavating, Inc. ("Liberty") We affirm.
On August 18, 1994, Liberty filed a complaint against Larry Buzin and N.L.B. Concrete, Inc. ("NLB") in the Medina Municipal Court. Liberty alleged that Buzin and NLB breached their contract with Liberty by failing to pay $2,559.15 for services performed by Liberty for Buzin and NLB, and prayed for judgment in that amount plus interest.
A summons and copy of the complaint were sent to Buzin via certified mail. The receipt was signed by Mary Lou Buzin as Buzin's and NLB's agent and returned. Buzin did not answer or otherwise respond to the complaint. On September 6, 1994, Liberty moved the trial court for a default judgment.
On September 7, 1994, Liberty filed an amended complaint, which was also sent via certified mail to NLB. In its original complaint, Liberty had alleged that "[t]he defendants contracted for legal services from the plaintiff." (Emphasis added.) Apparently realizing that this was a typographical error, Liberty amended its complaint to read "[t]he defendants contracted forexcavating services from the plaintiff." (Emphasis added.) The original and the amended complaints were otherwise identical. The summons and amended complaint were returned, unclaimed. The clerk was instructed by Liberty's attorney to send the summons and amended complaint by regular U.S. Mail, which was done on October 7, 1994, as evidenced by a "certificate of mailing." On November 16, 1994, Liberty moved the trial court for a default judgment on the amended complaint. On November 17, 1994, the trial court granted Liberty's motion and entered judgment in favor of Liberty in the sum of $2,559.15 plus interest at the rate of 1.5% per month from July 24, 1993.
On January 28, 1997, Buzin moved the trial court to vacate judgment. In his motion, Buzin argued that he was never served with notice of the proceedings against him and NLB and that he was merely an employee and not an officer or shareholder of the corporation, and was therefore not responsible for NLB's debts. On March 3, 1997, the magistrate denied Buzin's motion, noting that the Buzin was not present for the hearing on the motion to vacate and finding that the service of the summons and complaint of April 26, 1994 was "made in accordance with the Civil Rules." Buzin appealed the decision of the magistrate to the Medina Municipal Court, which adopted the magistrate's decision and denied Buzin's motion to vacate. Buzin appeals, assigning one error.
Buzin's sole assignment of error is:
 THE TRIAL COURT HAS USED [sic] ITS DISCRETION BY NOT VACATING TO [sic] UNDERLYING JUDGMENT IN THIS MATTER
Buzin argues that the trial court erred by not granting his motion to vacate the default judgment against him because he was not properly served with a copy of the summons and complaint, and therefore had no notice of the action against him. Motions for relief from judgment are governed by Civ.R. 60(B), which provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * (5) any other reason justifying relief from the judgment.
In order to prevail on a Civ.R. 60(B) motion, the movant must show that 1) he has a meritorious defense to present if relief were granted; 2) he is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and 3) his motion was made within a reasonable time. GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The movant must show all three of the above requirements or his motion for relief from judgment must fail.Id. at 151.
We will review a trial court's decision on a motion for relief from judgment under an abuse of discretion standard.Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502, 504. "`Abuse of discretion' connotes a judgment that is made with an unreasonable, arbitrary, or unconscionable attitude" Id. at 505, citing Cedar Bay Constr., Inc. v. Fremont (1990), 50 Ohio St.3d 19,22.
The Supreme Court of Ohio considered the requirements for a Civ.R. 60(B) motion in Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. In Kay, the defendant moved for relief from a default judgment entered against it, attaching evidence which set forth operative facts tending to show that the defendant was entitled to relief. The trial court denied the defendant's motion. The Supreme Court of Ohio found that the trial court abused its discretion in denying the defendant's motion for relief from judgment. Id. at 21. The Court stated:
 Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief.
Id. at 20. After reviewing Buzin's motion to vacate and the trial court's order denying the motion, we hold that the trial court did not abuse its discretion when it denied Buzin's motion to vacate judgment.
Addressing the first prong of the GTE test (meritorious defense), we conclude that Buzin probably has a meritorious defense to present if relief were granted. The motion for relief from judgment states that Buzin is not an officer or shareholder in NLB, but merely an employee of NLB. If that is true, then Buzin would not be liable for the debts of NLB.
As for the second prong of the GTE test (movant is entitled to relief under ground set forth in Civ.R. 60(B)(1) through (5)), Buzin alleges that he did not receive service of process, and that that circumstance justifies relief under the Civ.R. 60(B)(5) catch-all provision. Civ.R. 4.1 governs service of process and provides for service by certified mail. Civ.R. 4.6(D) governs unclaimed service and provides in part:
 If a certified * * * mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record[.] If the attorney * * *, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint * * * to the defendant at the address set forth in the caption[.] The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.
The Ohio Rules of Civil Procedure regarding service of process were drafted in the belief that "due process should determine the parameters for proper service." Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, 405. "Due process does not require actual notice, but does require that notice be reasonably calculated to apprise a defendant of an action's pendency to afford him an opportunity to present his objections." (Citations omitted.) Talarek v. Miles (July 23, 1997), Lorain App. No. 96CA006567, unreported, at 5. Service of process must comply with the requirements set forth in Civ.R. 4 et seq., and there is a presumption of proper service when those rules have been followed.Id. Therefore, service is "deemed complete" under Civ.R 4.6(D) when: (1) the fact of mailing is entered upon the record; and (2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery. Id., citing Hayes v.Gradisher (Oct. 30, 1996), Summit App. No. 17791, unreported, at 7.
The record shows that a summons and copy of the amended
complaint were sent by regular U.S. Mail, and were not returned unclaimed. The "certificate of mailing" shows that the summons and complaint were mailed only to NLB. However, NLB's address of record and Buzin's address of record are identical. The magistrate's decision, adopted by the trial court, noted that the original complaint had been received and signed for by an agent of Buzin. The original complaint, however, stated that the claim was for a breach of contract for legal services. The question, therefore, becomes: was the original complaint sufficient to give Buzin notice of the claims against him? Civ.R. 8 sets forth the general rules of pleading, providing in part:
 (A) A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.
Initially, we note that Buzin failed to respond to the original complaint, although he was served with such according to the Ohio Rules of Civil Procedure. The original complaint contained a typographical error. Pursuant to Civ.R. 8(A), the complaint is sufficient if it at least states the operative grounds which create a claim. Woosley v. Beathard (Dec. 19, 1983), Madison App. No. CA83-07-025, unreported. In Woosley, the court of appeals was presented with an action to contest a will. The complaint contained a typographical error as to the date of the execution of the contested will. The trial court dismissed the complaint. The court of appeals held that the complaint was sufficient to state a claim. In its analysis, the Woosley court noted that copies of both wills at issue were attached as exhibits to the complaint and that the plaintiff specifically referred to the attached exhibits in the complaint. The court stated that it must look to both the complaint and the attached exhibits to determine if the complaint asserted a claim.
Woosley is analogous to the case at bar. A copy of the excavating invoice at issue was attached to Liberty's original complaint. Liberty referred to the attached invoice in the complaint and had the summons and complaint served in accordance with the Ohio Rules of Civil Procedure. Nevertheless, Buzin failed to answer or respond to the original complaint. Buzin failed to rebut the presumption that he was served with notice of the lawsuit against him.
Buzin argues that he had no opportunity to rebut the presumption of service, because he had no notice of the hearing on his motion to vacate. Where a Civ.R. 60(B) motion contained allegations of operative facts which would warrant relief from judgment, the trial court should hold a hearing to take evidence to verify those facts. See State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151.
Buzin was not entitled to a hearing on his motion. Addressing Buzin's argument that his attorney did not receive notice of the hearing on his motion to vacate, the trial court noted that the record reflected "that a notice for the hearing before the Magistrate was issued by the Clerk of Court on January 31, 1997" and that a copy of the notice was sent to Buzin's attorney at her address. The trial court noted further that Buzin's attorney "certified that this notice was sent to an attorney for the plaintiff who has nothing to do with this file" and that "[t]he certificate of service indicates service on a law firm which is not involved in this case." However, the trial court found "that the attorney in this case did have notice from the clerk's office conducted in the regular course of business as to [the hearing on the motion to vacate] and that neither the attorney nor the [Appellants] appeared after proper notice." The transcript of docket and journal entries does not show that notice of the hearing was ever served on Buzin.
However, even assuming, arguendo, that Buzin's motion for relief from judgment sets forth operative facts showing that he is entitled to relief under Civ.R. 60(B)(5), the motion fails to argue that the motion was made within a reasonable time, thus falling short of the third prong of the conjunctive GTE test. The judgment from which Buzin seeks relief is dated November 22, 1994. Buzin's motion to vacate was filed January 28, 1997, over two years later. The motion itself does not state why Buzin waited two years to file a motion for relief from judgment, nor does he attach any evidence that the motion was made within a reasonable time. The movant is entitled to a hearing if the motion and attached exhibits set forth operative facts showing that the movant is entitled to relief. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. Buzin's motion did not set forth operative facts which would tend to show that all three prongs of the GTE
test for relief from judgment had been met. Therefore, even if the trial court failed to notify Buzin or his attorney of the hearing, it was, at most, harmless error and this court will not reverse the judgment of the trial court on that basis. Civ.R. 61.
We are affirming the trial court's denial of Buzin's motion to vacate judgment for a different reason than that stated by the trial court. However, we are not authorized to reverse a correct judgment merely because an erroneous reason was assigned as the basis thereof. State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89,92. Buzin's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina, Medina Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR