Appellant's former husband, Michael Buchanan, has custody of the couple's daughter, Joanna, who was born on February 7, 1994. On April 3, 1998, appellant picked Joanna up from day care for weekend visitation. On Sunday morning, April 5, 1998, appellant telephoned Mr. Buchanan and told him that Joanna had fallen out of bed on Saturday night. Appellant stated that Joanna had fallen against a nightstand by the bed.
When appellant returned Joanna to Mr. Buchanan that afternoon, the child was crying. Mr. Buchanan asked Joanna what was wrong, and she replied, "Mommy hit me in the teeth." Mr. Buchanan observed a half-dollar-sized bruise on Joanna's left cheek, he also observed a bruise on her thigh. Mr. Buchanan reported the injuries to Clermont County Children Services and took Joanna to her pediatrician the next day.
Following an investigation, appellant was charged with endangering children and domestic violence. At trial, Joanna's pediatrician, Dr. Kroeger, testified that the thigh injury consisted of three linear bruises consistent with a hand print; was two to five days old when he observed it; and was similar to bruising he had treated Joanna for in October 1996. Dr. Kroeger testified that, on that previous occasion, Joanna had cried hysterically when he entered the examination room, screaming, "Don't hit me, don't hurt me, Mommy hurt me, Mommy hit me, Mommy hit me in the leg." Appellant objected to testimony concerning the prior incident; the objection was overruled.
Investigator Dave Doyle of the Clermont County Sheriff's Department testified that appellant had informed him that the facial bruise occurred when the child fell out of bed and struck a dresser. Appellant told Doyle that she assumed the thigh bruising occurred as the result of a bicycle accident. Photographs of the bruising were admitted at trial.
Mr. Buchanan testified that he had bathed Joanna on Thursday April 2, 1998, and she had no unusual bruises. He also testified that when he picked Joanna up on April 5, she was "crying pretty hard." He testified that he asked her, "What was the matter." Appellant objected on hearsay grounds; however, following a bench conference, the objection was overruled. Mr. Buchanan testified that Joanna said, "Mommy hit me in the teeth." Over objection, Mr. Buchanan also testified concerning appellant's prior civil domestic violence finding. Mr. Buchanan stated that during the magistrate's hearing on that incident, appellant had claimed that she only "gave Joanna a tap on the diaper."
Because Dr. Kroeger indicated that the bruises did not require medical treatment, the prosecution dismissed the child endangering charge. Appellant moved for acquittal on the domestic violence charge pursuant to Crim.R. 29 at the close of the state's case and at the close of evidence, arguing that there had been no testimony specifically naming her as the perpetrator. The trial court over ruled both motions.
Appellant's mother, Janet Criswell, testified that she had observed a thigh bruise on Joanna, but was unsure of the exact date. She testified that Joanna had indicated that she "went too fast on [her] bike." She testified that Joanna was very active and often had bruises or scrapes. Mrs. Criswell also testified that appellant and Mr. Buchanan had disciplined Joanna in the past by "rattling her diaper." At the close of the evidence, appellant renewed her Crim.R. 29 motion. The trial court overruled the motion and found appellant guilty of domestic violence based on the bruising to Joanna's face.[2] Appellant was sentenced to sixty days in jail. The jail time was suspended and appellant was placed on nonreporting probation for two years. Appellant has raised two assignments of error:
Assignment of Error No. 1:
 THE JUDGEMENT RENDERED IN THE TRIAL COURT WAS UNSUPPORTED BY THE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ADMITTED HEARSAY EVIDENCE AND EVIDENCE OF A PRIOR CONVICTION.
 In her first assignment of error, appellant argues that there was insufficient evidence to sustain her conviction and that the conviction was against the manifest weight of the evidence.
 This court's standard of review on claims of insufficient evidence is stated in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
In order for a court of appeals to reverse a trial court's judgment on the basis that it is against the weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. The court of appeals must determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created a miscarriage of justice such that the conviction must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 389. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. at 387.
Appellant argues that there was insufficient evidence that she "knowingly caused physical harm" to Joanna. Appellant's argument on this point is internally inconsistent, as she alleges both that there was no evidence that the injury occurred while Joanna was in her care, while also pointing out that the witnesses' testimony as to her explanation of the injury (falling from the bed) was consistent. As we hold in the second assignment of error, Joanna's statement to her father, "Mommy hit me in the teeth," was admissible. This statement, along with the photographs and Dr. Kroeger's testimony, provided sufficient evidence to sustain appellant's conviction for domestic violence.
In arguing that the conviction was against the manifest weight of the evidence, appellant argues that Joanna's statement was unreliable and inconsistent anatomically, as Joanna said she was hit in the teeth, rather than the cheek. Additionally, appellant argues that Mr. Buchanan may have coached Joanna because the parties had an ongoing custody dispute. It is axiomatic that in a bench trial the trial judge acts as the trier of fact. The judge determines the credibility of the witnesses and the weight to be given the evidence. See State v. Walker (1985), 26 Ohio App.3d 29,32.
The trial court considered appellant's explanation of the cheek bruising, but found that Joanna's statement to her father was "compelling testimony." After a thorough review of the record in this case, we find that appellant's conviction on the charge of domestic violence was not against the manifest weight of the evidence. There was evidence presented by the state which, if be lieved by the trial judge, would allow him to conclude that all of the elements required for a domestic violence conviction were proven beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 59. The fact that a four-year-old stated she was hit in the teeth, rather than the cheek does not cast doubt on the fact that she was hit in the face. Because the statement was made immediately upon seeing her father, there was no time for any coaching.
Accordingly, we find that appellant's conviction is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant argues that the trial court should not have admitted Mr. Buchanan's testimony that Joanna told him, "Mommy hit me in the teeth." Appellant argues that this testimony was inadmissible hearsay and did not fall under the exception for then-existing mental, emotional, or physical condition.
The admission or exclusion of relevant evidence rests within the discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, as well as showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of evidence. State v. Martin
(1985), 19 Ohio St.3d 122, 129.
Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The trial court found that Joanna's statement to her father, although hearsay, was admissible as a statement of the child's then-existing state of mind under Evid.R. 803(3), which provides an exception for:
 A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.
The trial court erred in admitting the statement pursuant to this exception as the statement. "Mommy hit me," is not a statement of a then existing state of mind, emotion, sensation, or physical condition, but is instead more akin to "a statement of memory," which is specifically not included within the Evid.R. 803(3) exception. However, the statement was admissible under the other exception to the hearsay rule argued by the prosecution,i.e., Evid.R. 803(2) on excited utterances. This exception excludes from hearsay, "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
An excited utterance is the product of reactive rather than reflective thinking. State v. Taylor (1993), 66 Ohio St.3d 295,300. The rationale for the exception includes the assumption that excited utterances are not flawed by lapses of memory or risks of insincerity. Id. Time is not necessarily the controlling factor in determining whether a statement qualifies as an excited utterance.State v. Humphries (1992), 79 Ohio App.3d 589. Rather, it is important to assess whether the declarant made the statement under "circumstances that would reasonably show that it resulted from impulse rather than reason and reflection." State v. Smith
(1986), 34 Ohio App.3d 180, 190.
Here, the declarant was a four-year-old child who told her father, her primary caretaker, that appellant had hit her in the teeth. She made the statement immediately upon reuniting with her father, after visitation with appellant. She was upset and crying very hard at the time she made the statement. These are circum stances highly probative of lack of fabrication. An appellate court should allow the trial court wide discretion to determine whether, in fact, a declarant was, at the time of an offered statement, still under the influence of an exciting event. State v.Wagner (1986), 30 Ohio App.3d 261, 263. There is also a trend to liberalize the requirements for the excited utterance exception when applied to young children. Id. Therefore, we find that although the statement was not admissible pursuant to Evid.R. 803(3), it was admissible pursuant to Evid.R. 803(2). A reviewing court need not reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. State ex rel. Carterv. Schotten (1994), 70 Ohio St.3d 89.
Appellant next challenges the admission of evidence pertaining to the previous incident during which Joanna was also bruised in the thigh area. Dr. Kroeger testified about the bruise he observed at that time, and also testified that Joanna screamed hysterically, "[d]on't hit me, * * * Mommmy hit me." Additionally, Mr. Buchanan testified that appellant asserted during a civil domestic violence hearing on that bruising, that she had only "tapped [Joanna's] diaper."
Appellant argued that this evidence should have been excluded pursuant to Evid.R. 404(B) which prohibits "[e]vidence of other crimes, wrongs, or acts * * * to prove the character of a person in order to show that he acted in conformity therewith." However, that rule does allow evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See State v. Smith
(1990), 49 Ohio St.3d 137, 140.
Appellant had indicated to investigator Doyle that she assumed that Joanna's thigh bruising came from a bicycle accident. Dr. Kroeger's statement that a similar bruise had been observed two years earlier, as well as the testimony at trial concerning a magistrate's prior finding of civil domestic violence were admissible to show the lack of accident. Furthermore, even if such evidence should have been excluded, where an action is tried to the bench, we may presume the judge considered only relevant, competent, and admissible evidence. State v. Eley (1996), 77 Ohio St.3d 174
Therefore, appellant's evidentiary challenges do not merit reversal and appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] R.C. 2919.25(A) provides:
 No person shall knowingly cause or attempt to cause physical harm to a family or household member.
[2] The trial court found that there was reasonable doubt as to whether the thigh bruising was from corporal punishment, rather than from an "attempt to cause harm."