DISSENTS, SAYING:
Given our standard of review and the trial judge's superior vantage point in judging the credibility of the witnesses, I must respectfully dissent.
This court may only overturn the trial court's decision for an abuse of discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172,174. The Supreme Court of Ohio has described an abuse of discretion as a trial court acting with "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court is not free to substitute its judgment for that of the trial court. Id.
I believe that there was ample evidence of fraud before the trial court to warrant relief from judgment under Civ.R. 60(B).[3] At the hearing in this matter, the appellants, the child's mother and stepfather, testified that they had not told the appellee, the child's father, that visitation would continue after the adoption. However, several witnesses, including the appellee, testified that the appellants had assured the appellee that his visitation rights with his son would continue after he signed the consent to adoption. Even more telling was the testimony of a former fiancée of the appellee, who was a witness for the appellants. The former fiancée testified that the appellants had represented to the appellee that he would be able to continue his visitation rights after the adoption.
"[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. It is evident from the trial court's decision that it discounted the testimony of the appellants and judged the testimony of the other witnesses as more credible. There was clear and convincing evidence before the trial court that the appellants procured the appellee's consent to adoption by promising that visitation would continue after the child was adopted. Thus, the appellee's consent was procured by fraud, and relief from judgment was justified.
The trial court was in the best position to judge which testimony should be believed. By no means can the trial court's order be characterized as the product of perversity of will, moral delinquency, or the like. I believe that the trial court did not abuse its discretion by vitiating the appellee's consent to adoption. Therefore, I would affirm the judgment of the trial court.
[3] The trial court granted relief under Civ.R. 60(B) (1), dealing with mistake. "However, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." State ex rel. Carterv. Schotten (1994), 70 Ohio St.3d 89, 92. Thus, this court must affirm if there was clear and convincing evidence of fraud before the trial court, justifying relief under Civ.R. 60(B) (3).