{¶ 1} On March 18, 2002, Petitioners John W. Perotti, Richard Warren, L. M. Heyward, Joe Robinson, Michael Sarkozy, Francisco Gonzalez, Dana Warren, Brian Nemeth and Thomas Blackman filed a petition for writ of habeas corpus challenging their continued confinement at the high maximum security Ohio State Penitentiary located in Youngstown, Ohio. The common basis alleged for continued unlawful restraint is the federal court decision announced in Austin v. Wilkinson, 2002 U.S. Dist. LEXIS 3490 (Feb. 25, 2002). By said decision dated February 25, 2002, District Judge James S. Gwin found that inmates named as plaintiffs in that litigation had been denied due process in their placement in the severely restrictive conditions attendant to their incarceration at the Ohio State Penitentiary. The federal court ordered the parties to timely file proposed injunctive orders to correct the violation of the right to due process of adequate notice, adequate hearing and a detailed decision for placement. Policy 111-07 on prisoner classification was found to be lacking in constitutional safeguards to the inmates liberty interest.
 {¶ 2} On April 17, 2002, Respondent filed a motion to dismiss the petition for writ of habeas corpus. It is asserted that habeas does not lie where Petitioners were convicted and sentenced by a court of competent jurisdiction, that the petition must be dismissed for failure to attach all commitment papers, and that Petitioners have failed to comply with the statutory requirement that they list all lawsuits filed by them within the previous five years.
 {¶ 3} On May 10, 2002, Petitioners filed a memorandum in opposition to the motion to dismiss, addressing all the issues raised by Respondent. The motion to dismiss now comes on for determination.
 {¶ 4} Respondent first argues that habeas corpus is not available since Petitioners are not challenging the jurisdiction of the sentencing court. Habeas corpus relief is not available where the petitioner has been convicted of a crime and sentenced by a court of competent jurisdiction. See In re: Copley (1972), 29 Ohio St.2d 35.
 {¶ 5} Each Petitioner in this case argues that their placement in the "supermax" prison was an infringement of their constitutional due process rights as held in Austin, supra. In essence, Petitioners herein are attempting to bootstrap their claims by a habeas complaint onto federal litigation filed by other inmates. It is important to note that the Austin case was filed as a civil rights action under42 U.S.C. § 1983. As noted in the Austin case the Director of the Ohio Department of Rehabilitation and Correction, certain named wardens, the Chief of the Department's Bureau of Classification, the Security Threat Group investigation coordinator for the Department and others were sued for injunctive relief. Most claims were settled, but the alleged violation of due process in the selection and retention of inmates for the Ohio State Penitentiary went to trial. While the federal court has decided that Department Policy 111-07 regarding selection and retention does not provide due process, the federal court ordered the parties to file proposed injunctive orders to correct the violation of the federal right in a way that was the least intrusive means to correct the violations. It did not immediately order reclassification hearings. It appears on the pleadings before this Court that the matter remains pending for final determination. Neither party has supplemented its pleadings with additional information on the status of the Austin case.
 {¶ 6} Regardless of the present status of the Austin case, the extraordinary remedy of habeas corpus is not available when a legal remedy exists. Petitioners herein assert a violation of rights under42 U.S.C. § 1983. They are entitled to file federal litigation seeking the same relief sought by the petitioners in that case. They have a legal remedy. One of the claims in this case is that placement in the supermax facility automatically deprives the inmates of parole consideration. Testing the constitutionality of parole eligibility as to a particular inmate is not the function of a state writ of habeas corpus. See Rodgers v. Capots (1993), 67 Ohio St.3d 435, citing to Brewerv. Dahlberg (C.A. 6, 1991), 942 F.2d 328, 337. While Petitioners argue that the parole board automatically denies parole to any maximum-security prisoner and that they are foreclosed from earning good time credits because such programs are not available at the Ohio State Penitentiary, habeas corpus is not the means to obtain a reclassification hearing.
 {¶ 7} The Ohio Supreme Court has clearly held that inmates may not use a habeas proceeding when challenging the conditions of confinement. As stated in State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89 at 91, 92:
 {¶ 8} "* * * to the extent that he claims that respondent's actions violated his federal constitutional and statutory rights, a Section 1983 action would provide him with complete, beneficial, and speedy relief and therefore constituted an adequate legal remedy which precluded mandamus relief."
 {¶ 9} Schotten, supra, was reaffirmed in Douglas v. Money (1999),85 Ohio St.3d 348, for the proposition that state prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S. Code.
 {¶ 10} Based on the above-cited authority, we find that habeas relief is not available under the circumstances of this case. We need not address the remaining grounds for dismissal, including the failure to attach all commitment papers as required by R.C. 2725.04(D), and the failure to provide, by affidavit, a list of each civil action or appeal in the previous five years in state or federal court. R.C. 2969.25.
 {¶ 11} Respondent's motion to dismiss this petition for writ of habeas corpus is granted. Petition dismissed. Costs taxed against Petitioners.
 {¶ 12} Final order. Clerk to serve copies on counsel of record or unrepresented party, including John W. Perotti, Michael Sarkozy, Joe Robinson, Thomas Blackman, L. M. Heyward, Dana Warren, Francisco Gonzalez, Richard Warren and Brian Nemeth at their last known mailing address at the Ohio State Penitentiary.
Donofrio, J., Vukovich, J., and Waite, J., concur.