JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Robert Wenzel pleaded guilty to one count of rape, three counts of gross sexual imposition and one count of pandering obscenity involving a minor on May 21, 2004. He received an agreed sentence of eight years as well as five years of community control. Wenzel was found to be a sexual predator after the court accorded him a full sexual-predator hearing.
Wenzel's victims were his two daughters and two friends of his older daughter. He performed oral intercourse on his five-year-old daughter and touched the vaginal areas of the other three victims, all of whom were under the age of 13. These incidents occurred over a lengthy period of time. The conviction for pandering obscenity stemmed from a pornographic photograph found on Wenzel's computer at work. The photograph was of a pre-pubescent child performing fellatio on an adult male.
On appeal, Wenzel has brought forth two assignments of error. These assignments allege that the sexual-predator finding was against the sufficiency and weight of the evidence, and that the finding violated the Equal Protection Clause of the United States and Ohio Constitutions, as well the protections from double jeopardy and ex post facto laws. Neither of these assignments has merit.
A sexual predator is one who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[1] The state must prove by clear and convincing evidence the defendant is a sexual predator.[2] The court is guided by a list of factors in determining whether an offender is a sexual predator.[3] These factors include the following:
"(a) The offender's age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to a criminal offense, whether the offender completed any sentence or dispositional order imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or disability of the offender;
"(h) The nature of the offender's conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty, and;
"(j) Any additional behavioral characteristics that contribute to the offender's conduct.[4]
In State v. Hinton,[5] we held that a defendant cannot be labeled a sexual predator based only on the circumstances surrounding his conviction. The state must present additional evidence that the defendant is likely to commit a sexual offense in the future. Hinton had sexually molested his young daughter and two of her friends over several years. Hinton himself brought these offenses to light when he voluntarily sought counseling. This court reversed the finding that Hinton was a sexual predator because the prosecution had presented no evidence that Hinton was likely to re-offend. All the evidence at the sexualpredator hearing related to the underlying offenses for which he had been convicted.
The instant case is distinguishable from Hinton. Wenzel also committed his crimes against a series of victims over a course of time, but along with the sexual molestation, he was also in possession of child pornography. Furthermore, Wenzel had undergone a period of treatment before he was arrested for these offenses. Wenzel entered counseling after a large amount of pornography was found on his computer at work. Wenzel was not forthcoming during this treatment and did not disclose the molestation of his daughters and the other victims during counseling. Wenzel later admitted that he purposely concealed the sexual molestation of his daughters because he did not want to be criminally punished for it. Clearly, Wenzel lacked the personal repentance that was present inHinton.
 State v. Brooks[6] provides further support for labeling Wenzel a sexual predator. Brooks had repeatedly engaged in sexual conduct and sexual contact with two of his children and three of his stepchildren. At his sexual-predator hearing, evidence was presented about the underlying incidents and about his criminal history of domestic violence, theft and falsification. Evidence was also presented showing that Brooks had completed a program for sexual offenders. This court upheld the labeling of Brooks as a sexual predator based on factors surrounding the underlying offenses and on Brooks' criminal record. Thus, Brooks is in line with the reasoning in Hinton. Brooks' criminal history was one factor the trial court relied on at the sexual-predator hearing. The sexual predator finding was not based solely on facts surrounding the conviction.
The facts in the instant case are quite similar to those in Brooks.
Both involved victims of tender age and offenses perpetrated by an adult male. Both cases dealt with abuse over a period of time. Despite the evidence showing the completion of a sexual-offender program in Brooks,
the other evidence remained sufficient to support labeling Brooks a sexual predator. Wenzel did score in the low-risk-to-re-offend category on the Static-99 test designed to determine rates of recidivism among adult males. But this was not particularly compelling when compared to the overwhelming evidence indicating a likelihood to reoffend. Along with the factors already mentioned, Wenzel also had an alcohol-abuse problem, had unsuccessful counseling experiences in the past, and had been fired from his job for downloading child pornography onto his computer.
The trial court listed the following findings at the sexual predator hearing in support of labeling Wenzel a sexual predator: Wenzel was a pedophile; there were four victims involved; the offenses took place over several years; and Wenzel possessed child pornography. Following theBrooks line of reasoning, these findings were sufficient to support the labeling of Wenzel as a sexual predator.
The law in Hinton is controlling, however, and these findings would not be sufficient under Hinton, because they all related to the underlying offenses. The record of the sexual-predator hearing contained ample evidence not relating to the underlying convictions, but the trial court did not specifically refer to the other evidence when making its findings. Under a well-accepted line of reasoning, however, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof."[7] In effect, a trial court may be right for the wrong reasons. A reviewing court may affirm the judgment, even if it affirms for different reasons than the trial court used. But "the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof."[8] The record in this case contains abundant evidence indicating a likelihood that Wenzel will re-offend. A portion of this evidence relates to the underlying convictions and a portion of it does not. Under the reasoning in Hinton, when this court considers everything in the record, there exists clear and convincing evidence that Wenzel is a sexual predator, and we affirm the labeling of him as such.
Wenzel's second assignment of error posits that the finding that he was a sexual predator violated the Equal Protection Clause, double jeopardy, and the prohibition against ex post facto laws. Wenzel is not correct. Based on the Ohio Supreme Court's decisions in State v. Cook and Statev. Williams, these claims have no merit.[9]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon J.J.
[1] R.C. 2950.01(E).
[2] State v. Cook, 83 Ohio St.3d 404, 414, 1998-Ohio-291,716 N.E.2d 279.
[3] R.C. 2950.03(B)(3).
[4] Id.
[5] State v. Hinton, 1st Dist. No. C-010046, 2001-Ohio-4026.
[6] State v. Brooks, 1st Dist. No. C-000643, 2001 Ohio App. LEXIS 2894.
[7] Cook v. Cincinnati, 103 Ohio App.3d 80, 90, 1995-Ohio-2203,658 N.E.2d 814.
[8] Id., citing State ex rel. Carter v. Schotten (1994),70 Ohio St.3d 89, 92, 637 N.E.2d 306.
[9] State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, 716 N.E.2d 279;State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428, 728 N.E.2d 342.