[Cite as *Reid v. Dept. of Rehab. & Corr.*, 2011-Ohio-1859.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MAURICE REID

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2010-12265-AD

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>DECISION</u>


**{¶ 1}** On February 28, 2011, defendant filed a motion to dismiss plaintiff's amended complaint pursuant to Civ.R. 12(B)(1) and (6), and pursuant to Civ.R. 41(B)(1) because it does not comply with the court's January 18, 2011 order. On March 16, 2011, plaintiff filed a response.

**{¶ 2}** "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80. In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190. Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242.

{¶ 3} Plaintiff is an inmate in the custody and control of defendant at the Mansfield Correctional Institution (ManCI) pursuant to R.C. 5120.16. In his amended complaint, plaintiff alleges that defendant retaliated against him by forcing him to frequently change cells; that "$135 of his property" was stolen while it was in defendant's possession; that Corrections Lieutenant Page authored a false conduct report against him; and that Corrections Lieutenant Menard has told other inmates that he is an "old ass snitch, wanna-be attorney."

{¶ 4} Defendant argues that this court lacks subject matter jurisdiction over plaintiff's claims of retaliation, that it is entitled to discretionary immunity for decisions to move plaintiff between cells, that plaintiff cannot recover for the loss of contraband, and that plaintiff did not comply with the court's January 18, 2011 order to specify the alleged defamatory statements, when they were made, and to whom they were published.

{¶ 5} With respect to plaintiff's retaliation claim, such a claim is treated as arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91, 1994-Ohio-37. It is well-settled that such claims are not actionable in the Court of Claims. See *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114; *Burkey v. Southern Ohio Corr. Facility* (1988), 38 Ohio App.3d 170.

{¶ 6} The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70; *Von Hoene v. State* (1985), 20 Ohio App.3d 363, 364. Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547.

{¶ 7} Defendant's decisions with respect to plaintiff's cell assignment are characterized by a high degree of official judgment or discretion. Accordingly, defendant is entitled to discretionary immunity from suits arising out of such decisions as a matter of law.

{¶ 8} Plaintiff's claim of harassment sounds in intentional infliction of emotional distress. In order to sustain such a claim, plaintiff must show that: "(1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious." *Hanly v. Riverside Methodist Hosp.* (1991), 78 Ohio App.3d 73, 82, citing *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34.

{¶ 9} To constitute conduct sufficient to give rise to a claim of intentional infliction of emotional distress, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters* (1983), 6 Ohio St.3d 369, 375, quoting 1 Restatement of the Law 2d, Torts (1965) 73, Section 46, Comment *d*.

{¶ 10} "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. * * * Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. at 374-375.

{¶ 11} Upon review, the court finds that plaintiff's allegation that Menard referred to him as an "old ass snitch, wanna-be attorney" cannot be reasonably construed as extreme and outrageous for purposes of recovering on a claim for intentional infliction of emotional distress.

{¶ 12} With respect to plaintiff's property claim, while it is true that plaintiff cannot pursue a claim for property that he has no right to possess, plaintiff states in his

complaint that he had "$135.00 of his property stolen." It is unclear whether plaintiff is referring to $135 in cash, which is considered contraband, or other personal property worth $135.

{¶ 13} Regarding plaintiff's allegation that Page authored a false conduct report against him, the court finds that plaintiff has not alleged sufficient facts to be in compliance with the court's January 18, 2011 order. Specifically, plaintiff did not identify either the date on which the report was authored or to whom it was directed and he did not specify when it was published.

{¶ 14} Based upon the foregoing, defendant's motion shall be granted to the extent that plaintiff's retaliation claim, harassment claim, and claim based upon defendant's decision with respect to his cell assignments shall be dismissed. Plaintiff's defamation claim shall be dismissed without prejudice pursuant to Civ.R. 41(B)(1) for failure to follow the court's orders.

{¶ 15} Plaintiff's only remaining claim is based upon the loss of "$135 of his property." R.C. 2743.10 provides, in part, that "[c]ivil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims * * *." Inasmuch as plaintiff's claim is for $135, it shall be transferred to the administrative docket where it shall be processed pursuant to R.C. 2743.10(A).

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MAURICE REID

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
Case No. 2010-12265-AD

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>ENTRY OF PARTIAL DISMISSAL AND TRANSFERRING CASE TO
ADMINISTRATIVE DOCKET</u>

For the reasons set forth in the decision filed concurrently herewith, defendant's motion to dismiss is GRANTED to the extent that plaintiff's retaliation claim, harassment claim, and claim based upon defendant's decision with respect to his cell assignments are DISMISSED. Plaintiff's defamation claim is DISMISSED without prejudice pursuant to Civ.R. 41(B)(1) for failure to follow the court's order.

Inasmuch as plaintiff's remaining property claim is for $135, it is hereby TRANSFERRED to the administrative docket where it shall be processed pursuant to R.C. 2743.10(A).

_____
ALAN C. TRAVIS
Judge

cc:

Amy S. Brown                              Maurice Reid, #538-099
Assistant Attorney General                P.O. Box 788
150 East Gay Street, 18th Floor           1150 North Main Street
Columbus, Ohio 43215-3130                 Mansfield, Ohio 44901

MR/cmd
Filed March 31, 2011/To S.C. reporter April 12, 2011