[Cite as *Akron Concrete Corp. v. Medina City School Dist. Bd. of Edn.*, 2012-Ohio-2971.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| AKRON CONCRETE CORPORATION | | C.A. No. 11CA0089-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THE BOARD OF EDUCATION FOR THE MEDINA CITY SCHOOL DISTRICT, et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No. 09CIV2021 |
| Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Having worked as a subcontractor for Moser Construction Company Inc. on the Medina High School building project in 2000, Akron Concrete Corporation filed a mechanic's lien against the public funds remaining to be paid on the project after Moser failed to pay Akron Concrete's final bill. Akron Concrete waited for years while Moser and the Medina City School District Board of Education litigated the final amount to be paid on the project. When the School Board settled that litigation in 2009 by paying Moser from the escrowed funds without paying the lien, Akron Concrete sued the School Board for violating the lien. After denying the School Board summary judgment based on the statute of limitations, the trial court found in favor of Akron Concrete at trial. The School Board has appealed. This Court affirms because Akron Concrete's cause of action for violation of the public mechanic's lien did not accrue, and the

statutory time did not begin to run, until the School Board violated the lien by disbursing the detained funds without satisfying the statutory prerequisites.

BACKGROUND

{¶2}    In 2000, the Medina City School Board hired Moser Construction Company to build the concrete foundations for an addition at the high school.  Moser in turn entered into a contract for Akron Concrete to complete some work on the project.  Moser obtained a bond for the project from Merchants Bonding Company.  Although Akron Concrete invoiced Moser every thirty days, at times Moser made only partial payments, resulting in a deficit to Akron Concrete.  In June 2001, when Akron Concrete completed its work on the project, Moser owed Akron Concrete a total of $124,146.36 for work on the project.

{¶3}    At about the same time, a dispute developed between Moser and the School Board regarding whether the Board owed Moser any additional money under the contract.  Moser submitted an application for payment of over $35,000, but the School Board disputed that amount and refused to pay any additional funds to Moser.  Having learned of the dispute between the School Board and the general contractor, Akron Concrete filed an affidavit under Section 1311.26 of the Ohio Revised Code on September 21, 2001, indicating that Moser owed it $124,146.36 on the project.  The parties agree that Moser did not dispute that claim and later consented to it via letter dated October 14, 2003.

{¶4}    Sometime in 2003, Moser sued the School Board for final payment on the high school project.  Although the parties seem to agree that Akron Concrete's claim was listed as part of the damages in that suit, Akron Concrete was never made a party to that litigation.  In March 2009, without admitting liability, the School Board settled the lawsuit with Moser, paying it $27,428.21 from the escrow account and transferred the remainder of the project funds to its

own general fund. The parties agree that the School Board issued a final payment via check dated March 17, 2009, to Moser Construction Company. They also agree that Akron Concrete did not consent to that payment from the School Board's escrow account and there was no court order authorizing the payment. Seven months later, Akron Concrete sued the School Board and the bonding company to recover the money it was allegedly owed for work done in 2000 and 2001. Merchants Bonding Company settled with Akron Concrete before trial and, therefore, is not a part of this appeal.

{¶5} The School Board moved to dismiss Akron Concrete's complaint under Rule 12(B)(6) of the Ohio Rules of Civil Procedure, arguing that the suit was barred by the statute of limitations. It argued that, under Section 2305.07 of the Ohio Revised Code, the statute of limitations expired six years after the cause of action accrued. According to the School Board, the cause of action accrued in October 2001, after Akron Concrete had perfected its lien and the statutory time within which the general contractor could dispute the claim had passed. Akron Concrete opposed the School Board's motion to dismiss, arguing that the cause of action did not accrue until the School Board violated the lien by disbursing funds from the escrow account without paying Akron Concrete the amount of the lien. The trial court denied the School Board's motion to dismiss the complaint. Each party filed a motion for summary judgment, which the trial court also denied.

{¶6} Following a bench trial, the trial court determined that the School Board violated the public mechanics' lien laws by paying the settlement amount to Moser from the escrow account without regard to the valid lien from Akron Concrete. It also held that the action was not barred by the statute of limitations. Although it determined that the six-year limitations period provided by Section 2305.07 of the Ohio Revised Code began to run when the lien was

perfected in 2001, it also determined that the statute was tolled from 2003 to March 2009 while the School Board and Moser litigated the issue of how much money remained due and owing to Moser on the contract. The trial court entered judgment against the School Board in the amount of $34,146.36. The School Board has appealed.

OHIO'S PUBLIC MECHANICS' LIEN LAWS

**{¶7}** Under Ohio law, unpaid subcontractors on a public improvement project may assert a lien against public funds that are due and payable to the principal contractor by serving on the public authority an affidavit describing the amount due and when the last work was performed. R.C. 1311.26. Receipt of the affidavit requires the public authority to detain and place in escrow the amount stated in the affidavit from subsequent payments to the principal contractor up to the balance remaining in the contract. R.C. 1311.28. Within five days of receiving the affidavit, the public authority must serve on the principal contractor a copy of the affidavit, together with a notice that the principal contractor has twenty days to give notice of its intention to dispute the claim. R.C. 1311.31. "If the principal contractor fails within twenty days after receipt of the affidavit to serve to the public authority written notice of his intention to dispute the claim, he has assented to its correctness . . . ." *Id.*

**{¶8}** Under Section 1311.28 of the Ohio Revised Code, once the funds are detained in an escrow account, they may be released by (1) order of a court of competent jurisdiction, (2) agreement of the principal contractor and the claimant subcontractor, or (3) default if the claimant fails to commence suit within sixty days of service of a "notice to commence suit" by the principal contractor or the public authority as authorized by Section 1311.31.1. The money may also be released if the principal contractor gives notice to commence suit and secures a bond in favor of the claimant in an amount equal to one and one-half times the value of the claim.

R.C. 1311.31.1. The final way to release escrowed funds under the law is for the public authority to directly pay the claim of the subcontractor, which will give it a setoff or credit against additional amounts owed to the principal contractor. R.C. 1311.15(B)(1).

{¶9} In this case, the parties agree that the subcontractor, Akron Concrete, served its statutory lien affidavit on the school board on September 13, 2001. There is no dispute that Moser agreed to the amount of the claim, at least by 2003. There also is no dispute that the school board never served Akron Concrete with a notice to commence suit as permitted by Section 1311.31.1.

## STATUTE OF LIMITATIONS

{¶10} The School Board's assignment of error is that the trial court incorrectly determined that the six-year statute of limitations was tolled from 2003 to 2009 while the School Board and Moser Construction litigated the project. Regardless of the tolling issue, the School Board's argument is that the trial court incorrectly determined that Akron Concrete's claim to the formerly escrowed funds was not barred by the statute of limitations.

{¶11} Unlike private mechanics' liens, liens against public funds for unpaid labor or materials supplied for a public project do not expire after six years. Compare R.C. 1311.13(C) with 1311.26 et seq. Under the public lien laws, the School Board had the option of forcing Akron Concrete to file suit against it, in which case, Akron Concrete would have been held to a sixty-day statute of limitations. *See* R.C. 1311.31.1 ("If the claimant fails to commence suit within sixty days after the date of the service of the notice [to commence suit], the affidavit filed pursuant to section 1311.26 of the Revised Code is void and the funds are to be released to the principal contractor."). As the School Board chose not to exercise that option, however, the sixty-day statute of limitations never began to run. As there is no other statute of limitations in

Chapter 1311 applicable to public liens, Section 2305.07 applies to an action to enforce a public lien.

{¶12} Under Section 2305.07 of the Ohio Revised Code, "an action . . . upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause of action . . . accrued." The disposition of this matter depends on when the cause of action accrued. Section 2305.07 does not provide any guidance for determining when a cause of action "accrues" for purposes of that section. The School Board has argued that the cause of action accrued in the fall of 2001 when Akron Concrete perfected its lien. The trial court agreed with that assessment, but later determined that the time had been tolled during the course of the litigation between the School Board and Moser. The trial court did not cite any authority for the proposition that the cause of action accrued when the lien was perfected or for the proposition that the statutory time was tolled while the owner and the general contractor litigated the issue of whether additional funds were due under the contract. Akron Concrete has consistently argued that its cause of action did not accrue until the wrongful act occurred, that is, when the School Board violated the lien by disbursing funds to Moser in the absence of a court order or an agreement from Akron Concrete.

{¶13} It is generally accepted that "a cause of action arising from a statute accrues and the period specified in the statute of limitations begins to run when the violation giving rise to the liability occurs." *Zion Nursing Home Inc. v. Creasy*, 6 Ohio St. 3d 221, 224 (1983) (citing *Unexcelled Chem. Corp. v. United States*, 345 U.S. 59, 65 (1953)). Section 1311.32 of the Ohio Revised Code provides that "the subcontractor . . . may, when the amounts are due, recover through the public authority in the court of common pleas the whole or a pro rata amount of the subcontractor's . . . claim or estimate, not exceeding in any case the balance due to the principal

contractor." R.C. 1311.32. Akron Concrete has argued that, while the balance due to Moser Construction was being litigated, Akron Concrete was not yet in a position to collect the money from the School Board via the statute.

{¶14} There is no evidence that Akron Concrete made a demand on the School Board to release the funds to it at any time before 2009. Even if Akron Concrete had made such a demand, it would have likely resulted in Akron Concrete being drawn into the protracted litigation between Moser and the School Board. The School Board could not have known the proper lien amount to release while the dispute with Moser continued over whether it was owed any additional money under the contract. The amount of any lien filed against public funds for work completed on a public project is limited to the amount remaining to be paid to the principal contractor. *See* R.C. 1311.28. Therefore, if there was no balance remaining on the contract when the lien was filed, the School Board would not have been responsible for paying anything to Akron Concrete.

{¶15} In this case, the School Board did not refuse a demand from Akron Concrete to release the escrowed funds under the lien. The Board appears to have adhered to the statutory scheme of Chapter 1311 until it violated the statute by disbursing escrowed funds that were subject to a valid lien without satisfying the statutory prerequisites. There is no dispute that Akron Concrete never agreed to allow the School Board to disburse the funds to Moser, there was no court order, the School Board never served Akron Concrete with a notice to commence suit, and it never paid Akron Concrete directly. *See* R.C. 1311.28, 1311.31.1, 1311.15(B)(1). Therefore, the School Board violated the lien by disbursing the funds to Moser in March 2009. Akron Concrete sued to enforce the lien just seven months later. Thus, the trial court correctly determined that the statute of limitations did not bar this action. *See State ex rel. Carter v.*

*Schotten*, 70 Ohio St. 3d 89, 92 (1994) ("[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof."). The School Board's sole assignment of error is overruled.

## CONCLUSION

{¶16} The School Board's assignment of error is overruled because the trial court correctly determined that the statute of limitations did not bar Akron Concrete's action to enforce its lien under Section 1311.26 of the Ohio Revised Code. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SCOTT W. DAVIS and SAMUEL WAMPLER, Attorneys at Law, for Appellant.

STEPHEN FUNK, Attorney at Law, for Appellee.

TODD A. HARPST and KATHERINE S. KNOUFF, Attorneys at Law, for Appellee.