[Cite as *Cessna v. Landers*, 2016-Ohio-5551.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| JOEL CESSNA | C.A. No.   15AP0060 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM D. LANDERS | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No.   2014-CVC-H 000489 |

DECISION AND JOURNAL ENTRY

Dated: August 29, 2016

MOORE, Presiding Judge.

{¶1}   Plaintiff-Appellant Joel Cessna appeals from the entry of the Wayne County Court of Common Pleas granting summary judgment in favor of William D. Landers.   We reverse.

I.

{¶2}   Mr. Cessna's brother passed away on January 2, 2013.   Mr. Cessna, who was named as the executor of his brother's estate in his brother's will, retained Mr. Landers in conjunction with Mr. Cessna's role as the executor of his brother's estate.   Mr. Cessna maintained that he had loaned his brother money on multiple occasions for use in his brother's used car sales business and sought to recover the money from the estate.   Mr. Landers failed to timely file Mr. Cessna's claim against the estate, which resulted in the claim being barred. Ultimately Mr. Cessna and Mr. Landers were removed from their fiduciary roles in the case.   Mr. Cessna then retained a different attorney at the recommendation of Mr. Landers.   Under the

guidance of the new attorney, Mr. Cessna ultimately came to an agreement with his brother's wife concerning the assets of the estate.

{¶3} In October 2014, Mr. Cessna filed a complaint alleging that Mr. Landers negligently failed to timely file Mr. Cessna's claims against the estate which he alleged totaled around $170,000. Mr. Cessna maintained that, if the claims had been timely presented, he would have recovered more than he did under the agreement he reached with his brother's wife. Additionally, Mr. Cessna sought to recover the attorney fees he paid to the attorney who took over after Mr. Landers was released.

{¶4} Mr. Cessna moved for summary judgment, which Mr. Landers opposed. The trial court denied the motion concluding genuine issues of material fact remained.

{¶5} Subsequently, Mr. Landers moved for summary judgment. Mr. Landers appeared to concede for purposes of summary judgment that Mr. Cessna's payments to his brother were loans. However, Mr. Landers argued that they were oral loans that were subject to a 6-year statute of limitations pursuant to R.C. 2305.07 and that Mr. Cessna's causes of action related to those loans accrued on the date the initial promise was made. Mr. Cessna's most recent loan, according to the checks and notations Mr. Cessna asserted evidenced the loans, was dated January 2007. Accordingly, the statute of limitations expired before the claims could have been filed in the probate action. Thus, Mr. Landers argued that Mr. Cessna could not demonstrate that, but for Mr. Lander's failure to file the claims, Mr. Cessna would have been successful in pursuing the claims against the estate.

{¶6} Mr. Cessna opposed the motion. Mr. Cessna did not dispute that the claims were subject to a 6-year statute of limitations; however, he argued that the statute of limitations did not begin to run until his brother's death, inasmuch as the loans were conditional loans that were

conditioned on his brother's ability to repay them. Mr. Cessna maintained that his brother could not have repaid the loans prior to his death.

{¶7} Mr. Landers filed a reply brief in support of his motion arguing that there was no evidence that Mr. Cessna's brother was unable to repay the loans until his death. The trial court found in favor of Mr. Landers concluding that Mr. Cessna failed to establish that he suffered damages proximately caused by a breach of Mr. Landers' duty.

{¶8} Mr. Cessna has appealed raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT-APPELLEE, [MR.] LANDERS[] SUMMARY JUDGMENT.

{¶9} Mr. Cessna argues in his sole assignment of error that the trial court erred in granting summary judgment to Mr. Landers.

{¶10} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.,* 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280,

292-293 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

> To prevail upon a legal malpractice claim based upon negligent representation, a plaintiff must prove: "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss."

{¶11} *Lamtman v. Ward,* 9th Dist. Summit No. 26156, 2012-Ohio-4801, ¶ 8, quoting *Vahila v. Hall,* 77 Ohio St.3d 421 (1997), syllabus. "[T]he requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case." *Lamtman* at ¶ 8, quoting *Vahila* at 427-428. "When the theory of the plaintiff's malpractice case is that his attorney's alleged breach of duty cost him a favorable outcome, he places the merits of the underlying litigation directly at issue. In order to prove causation in these cases, the plaintiff must prove that but for the attorney's conduct, the plaintiff would have obtained a better outcome in the underlying case." (Internal quotations and citations omitted.) *Lamtman* at ¶ 8.

{¶12} Mr. Cessna did not dispute below that his malpractice claim placed the merits of his underlying case directly at issue. Thus, in order to establish proximate cause in the malpractice case, Mr. Cessna would need to prove that, absent Mr. Landers' breach of duty, Mr. Cessna would have achieved a better result in the probate matter. *See id.*

{¶13} It was Mr. Cessna's contention that he was entitled to be paid by the estate for numerous loans he had made to his brother for use in his brother's used car sales business. Those loans were oral loans, the existence of which Mr. Cessna asserted was demonstrated by copies of checks and notations in his check register. The notations and checks bear dates beginning in the 1990's with the most recent check dated January 4, 2007. The total amount of the alleged loans was around $170,000. Thus, it was Mr. Cessna's claim that Mr. Landers'

breach of duty did proximately cause Mr. Cessna damages because Mr. Landers' failure to timely file the claims barred Mr. Cessna from asserting the claims in the probate matter.

{¶14} In the trial court, Mr. Landers argued that Mr. Cessna could not establish that, absent Mr. Landers' breach of duty, Mr. Cessna would have achieved a better result in the probate matter because the statute of limitations for Mr. Cessna's claims had expired before the claims were due to be filed in the probate matter. Mr. Landers argued that they were oral loans that were subject to a 6-year statute of limitations pursuant to R.C. 2305.07 and that Mr. Cessna's causes of action relating to those loans accrued on the date the initial promise was made. As Mr. Cessna's most recent loan was dated in January 2007, Mr. Landers contended that the statute of limitations expired before any of the claims could have been filed in the probate action. Thus, Mr. Landers maintained that the claims accrued when the checks were issued.

{¶15} Mr. Cessna did not dispute that the claims were subject to a 6-year statute of limitations; however, he argued that the statute of limitations did not begin to run until his brother's death because the loans were conditional loans that were conditioned on his brother's ability to repay them. Mr. Cessna maintained that his brother could not have repaid the loans prior to his death.

{¶16} Accordingly, the issue before this Court is a very narrow one. The issue of whether Mr. Landers breached a duty or even whether Mr. Cessna's payments to his brother were in fact loans is not before us. Instead, we examine only whether Mr. Landers satisfied of his burden of demonstrating the absence of a genuine issue of material fact with respect to whether Mr. Landers' alleged breach of duty proximately caused Mr. Cessna any damages. In so doing, we must determine whether Mr. Landers demonstrated that Mr. Cessna's claims in the probate matter were barred by the statute of limitations.

{¶17} We conclude that genuine issues of material fact remain with respect to when the causes of action would have accrued; thus, Mr. Landers has not demonstrated the absence of a genuine issue of material fact with respect to the statute of limitations issue.

{¶18} R.C. 2305.07 provides that, "[e]xcept as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." Unlike other statutes of limitations, R.C. 2305.07 does not specify when a claim has accrued. *See Desai v. Franklin,* 177 Ohio App.3d 679, 2008-Ohio-3957, ¶ 15 (9th Dist.); *see also Akron Concrete Corp. v. Medina City School Dist. Bd. of Edn.,* 9th Dist. Medina No. 11CA0089-M, 2012-Ohio-2971, ¶ 12 ("Section 2305.07 does not provide any guidance for determining when a cause of action 'accrues' for purposes of that section."). Thus, the statute leaves that determination to the judiciary. *See id.*

{¶19} Mr. Landers argues that, because Mr. Cessna repeatedly indicated during his deposition that there were no terms of repayment or specified date upon which he expected to repaid, the claims accrued on the date the promise was made. *See Oelschlager v. White,* 9th Dist. Summit No. 24551, 2009-Ohio-6618, ¶ 7. While there is case law that would support Mr. Landers' assertions, *see id.,* we conclude that the record discloses at the least an issue of fact with respect to whether the loans were conditional loans.

{¶20} This court has previously concluded that "[a]n obligation to repay a loan 'when able,' does not accrue immediately so as to start the running of the statute of limitations. Such a promise to repay is conditional, and the lender's cause of action accrues when the ability to pay arises." (Citation omitted.) *Barna v. Seal,* 9th Dist. Summit No. 8478, 1977 WL 198962, *1 (Aug. 3, 1977); *see also Oelschlager* at ¶ 10, quoting *Crawford v. Kring,* 7th Dist. Columbiana

No. 97-CO-15, 1998 WL 635879, *2 (Sept. 8, 1998). "Under the rule, the statute of limitations begins to run as soon as the ability to pay becomes a fact regardless of the creditor's awareness of it." *Id.* at *2.

{¶21} At his deposition Mr. Cessna made repeated references that, when viewed in a light most favorable to him, would indicate that the loans in question were to be repaid when Mr. Cessna's brother was able to do so. For example, with respect to the loans generally, Mr. Cessna testified that he and his brother agreed that his brother would pay him back "whenever he would be able to." When discussing an $8,500 loan to his brother and asked about the terms of repayment, he testified that "we had an understanding [that] when he was able to pay he would." In discussing a loan he made on March 25, 2000, Mr. Cessna indicated that his brother would pay him "whenever he could." Accordingly, there was evidence presented that the loans were conditional.

{¶22} Further, we cannot conclude that Mr. Cessna's statements that he and his brother agreed the loans would be paid when his brother was able, or the similar averments in his affidavit, contradicted the portions of Mr. Cessna's deposition testimony during which, with respect to specific checks, he indicated that there were no terms of repayment and that there was no specified date of repayment. That section of Mr. Cessna's deposition testimony occurred after Mr. Cessna had already explained that his brother would pay Mr. Cessna back when he was able to do so. Viewing the testimony in a light most favorable to Mr. Cessna, a trier of fact could conclude that Mr. Cessna repeatedly stated that there were no terms of repayment and no specified date of repayment because Mr. Cessna did not view the agreement as having specific terms; instead, they agreed his brother would pay Mr. Cessna when his brother was able. Or the trier of fact could find that Mr. Cessna viewed it as unnecessary to repeatedly explain that his

brother would repay him when he was able when Mr. Cessna had previously offered that explanation. Thus, when asked about specific dates and terms, Mr. Cessna simply responded in the negative. Viewed in this manner, there is no contradiction.

{¶23} Nonetheless, even if we assume the loans were conditional, the statute of limitations would begin to run when Mr. Cessna's brother was able to pay Mr. Cessna back. *See Barna*, 1977 WL 198962, at *1. Mr. Landers argues that Mr. Cessna's brother was able to pay Mr. Cessna back prior to his death; however, Mr. Landers has not set forth a specific date he believes marks the beginning of the running of the statute of limitations period, if the loans were in fact conditional. Absent knowing when the statute of limitations began to run, we have no way to determine when it expired.

{¶24} Mr. Landers argued that Mr. Cessna's brother could have repaid the loans after Mr. Cessna' brother sold the car connected to the loan at issue. Mr. Cessna sought payment on over 30 separate "loans." Nothing in the record indicates when the cars or parts that went along with those loans were sold, or how much profit, if any, was made on the sale, assuming they were sold. The record is devoid of the kind of evidence that would be necessary to determine that the statute of limitations had in fact expired on the "loans" Mr. Cessna made.

{¶25} Accordingly, we cannot say that Mr. Landers met his burden. Mr. Landers asserted that Mr. Cessna could not establish the element of proximate cause in the legal malpractice case because Mr. Cessna's claims in the underlying probate matter would have been barred by the statute of limitations. As we cannot say that there is an absence of a genuine issue of material fact on that point, we likewise cannot conclude that Mr. Landers has established that Mr. Cessna cannot prove that Mr. Landers' breach of duty proximately caused him damage. The

trial court erred in granting summary judgment to Mr. Landers in light of the limited argument Mr. Landers made below.

**{¶26}** Mr. Cessna's assignment of error is sustained.

III.

**{¶27}** The judgment of the Wayne County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRYAN K. BARNARD, Attorney at Law, for Appellant.

TIMOTHY T. BRICK and HOLLY M. OLARCZUK-SMITH, Attorneys at Law, for Appellee.